UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILIP D. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-1905 CAS |
| ) | |
| PALISADES COLLECTION, LLC, ) | |
| ) | |
| Defendant. ) | |

### ORDER REQUIRING JOINT PROPOSED SCHEDULING PLAN

**IT IS HEREBY ORDERED** that,

1. **Scheduling Conference**: Upon review of the joint proposed scheduling plan described in paragraph 3 below, the Court will consider whether a Scheduling Conference is necessary or advisable prior to the issuance of a Case Management Order.

2. **Meeting of Counsel**: Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall meet to discuss the following:

P   the nature and basis of the parties' claims and defenses,

P   the possibilities for a prompt settlement or resolution of the case,

P   the formulation of a discovery plan,

P   any issues relating to preserving discoverable information,

P   any issues relating to disclosure or discovery of electronically stored information, including–

   (i) the form or forms in which it should be produced,

   (ii) the topics for such discovery and the time period for which such discovery will be sought,

   (iii) the various sources of such information within a party's control that should be searched for electronically stored information, and

(iv) whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information,

- any issues relating to claims of privilege or of protection as trial-preparation material, including--if the parties agree on a procedure to assert such claims after production--whether to ask the Court to include their agreement in an order,

- whether alternative dispute resolution might facilitate disposition of the case and which form (early neutral evaluation or mediation) is preferable, and

- other topics listed below or in Fed. R. Civ. P. 16 and 26(f).

Only one proposed scheduling plan may be submitted in any case, and it must be signed by counsel for all parties. It will be the responsibility of **counsel for the defendant** to actually submit the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute.

3. **Joint Proposed Scheduling Plan**: No later than **December 22, 2009**, **defendant's counsel** shall file a joint proposed scheduling plan with the Court. All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:

| Track 1: Expedited | Track 2: Standard | Track 3: Complex |
| --- | --- | --- |
| *Disposition w/i 12 mos of filing | *Disposition w/i 18 mos of filing | *Disposition w/i 24 mos of filing |
| *120 days for discovery | *180-240 days from R16 Conf. for discovery/dispositive motions | *240-360 days from R16 Conf. for discovery/dispositive motions |

The parties' joint scheduling plan shall include:

(a) whether the Track Assignment is appropriate. **NOTE: This case has been preliminarily assigned to Track Two (2)**;

(b) dates for joinder of additional parties or amendment of pleadings;

(c) a discovery plan including:

        (i) any agreed-upon provisions for disclosure or discovery of electronically-stored information,

        (ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production,

        (iii)  dates for initial disclosures pursuant to Rule 26(a)(1), Fed. R. Civ. P.;

        (iv)  whether discovery should be conducted in phases or limited to certain issues;

        (v)  the dates for disclosure of expert testimony and rebuttal expert testimony, if anticipated, see Rule 26(a)(2), Fed. R. Civ. P.; giving consideration to whether serial or simultaneous disclosure is appropriate;

        (vi) whether the presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., should apply in this case, and if not, the limits that should be imposed and the reasons for the variance from the rules;

        (vii)  whether any physical or mental examinations of parties will be requested pursuant to Rule 35, Fed. R. Civ. P.;

        (viii)  a date by which all discovery will be completed (see applicable track range above); and

        (ix)  any other matters pertinent to the completion of discovery in this case;

    (d)  whether the parties believe referral of the action to Alternative Dispute Resolution (mediation or early neutral evaluation) may be useful, and an approximate date when such a referral would be most productive;

    (e)  dates for filing of any dispositive motions with the Clerk (said motions must be filed at least one hundred (100) days prior to trial)  (see also applicable track range above).  The memorandum in opposition shall be filed with the Clerk thirty (30) days later.  The reply brief, if any, shall be filed with the Clerk ten (10) days after the memorandum in opposition is filed.

    (f)  the earliest date by which this case should reasonably be expected to be ready for trial;

    (g)  an estimate of the length of time expected to try the case to verdict; and

    (h)  any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

4. **Pro Se Parties**:  If any party appears in this action pro se (i.e., not represented by counsel), such party shall meet with all other parties or counsel and participate in the preparation and filing of a joint proposed scheduling plan, in the same manner as otherwise required by this order.

5. **For more detailed information concerning this Court's procedures including electronic filing, counsel are encouraged to refer to the Court's Internet website, at www.moed.uscourts.gov** (click on the undersigned's name in the listing of District Judges to access "Judge's Requirements").

**Pursuant to Local Rule 5.03, failure to comply with any aspect of this order may result in the imposition of sanctions, including but not limited to the imposition of monetary sanctions on parties or counsel, dismissal of the action, entry of a default judgment, or restrictions on the admissibility of certain evidence.**

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of December, 2009.