UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILIP D. MITCHELL, )<br>)<br>       Plaintiff, )<br>)<br>v.       )<br>)<br>PALISADES COLLECTION, LLC, )<br>)<br>       Defendant. ) | No. 4:09-CV-1905 CAS |

### CASE MANAGEMENT ORDER

This matter is before the Court following submission by the parties of a proposed joint scheduling plan.  **Note:**  This Court's standard case management order has been substantially modified, and counsel should read it carefully.  Counsel are encouraged to refer to the court website, www.moed.uscourts.gov for detailed information concerning the Case Management/Electronic Case Files (CM/ECF) system, and the undersigned's procedures.

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only by leave of Court upon a showing of exceptional circumstances:

**I. SCHEDULING PLAN**

1. This case has been assigned to **Track Two (2)**.

2. This case is tentatively scheduled for referral to court-sponsored alternative dispute resolution (Mediation) on **March 1, 2010**.  An order of referral will issue on that date.

3. All motions for leave to join additional parties or to amend pleadings shall be filed no later than **March 26, 2010**, and shall be accompanied by the proposed amended pleading.

4. Discovery shall proceed in the following manner:

(a) The parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than **February 12, 2010**, and shall conduct all other discovery at the times and in the manner prescribed by the Federal Rules of Civil Procedure, unless modified herein.

(b)(i) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **May 21, 2010**. Plaintiff shall make expert witnesses available for deposition no later than **June 18, 2010**. Treating physicians shall be considered expert witnesses under Rule 26(a)(2) to the extent they give testimony as to causation or prognosis.

(b)(ii) Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **July 16, 2010**. Defendant shall make expert witnesses available for deposition no later than **August 12, 2010**.

(c) The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P. shall apply in this case.

(d) Requests for physical or mental examinations of parties pursuant to Rule 35, Fed.R.Civ.P., are not anticipated.

(e) The parties shall complete <u>all</u> discovery in this case no later than **October 22, 2010**. Discovery requests must be served sufficiently prior to this date to allow the full response time before the completion date.

(f) Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above. The parties shall present disputed discovery motions to the Court at its monthly Discovery Motion Docket. <u>No rulings will issue on disputed discovery motions not presented at the Discovery Motion Docket</u>.

5. If applicable, any motion to exclude testimony pursuant to <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 592-93 (1993), shall be filed no later than **October 22, 2010**.

6. Any motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment shall be filed with the Clerk no later than **November 19, 2010**. For summary judgment motions, the memorandum in opposition shall be filed with the Clerk by **December 20, 2010**. The reply brief, if any, shall be filed with the Clerk by **December 30, 2010**. Memoranda in support of or in opposition to a motion for summary judgment shall have attached a statement of uncontroverted material facts in separately numbered paragraphs with citations to the record, as required by Local Rule 4.01(E). For other dispositive motions, the response and reply deadlines of Local Rule 4.01 (B) and (C) shall apply.

**The parties shall submit a paper working copy (courtesy copy) to chambers of (1) any motions to dismiss, motions for judgment on the pleadings or motions for summary judgment; (2) any opposition memoranda thereto; and (3) any reply memoranda in support. The**

**working copy may be mailed or hand delivered to chambers at 111 South Tenth Street, Suite 12-N, St. Louis, Missouri 63102.**

> **Motions for extensions of time to file opposition memoranda will not be granted absent a showing of good cause, because the thirty-day period for filing the same is longer than the period allowed by Local Rule 4.01(B).**

> **The filing of a motion (including a discovery motion, motion for summary judgment, motion to dismiss, etc.) does not excuse the parties or their counsel from fully complying with this Order.**

## II. ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **February 14, 2011**.
This docket is set as a three (3) week docket.
A final pretrial conference is set for **February 10, 2011**, at 2:00 p.m. in Courtroom 12-N.

ANY REQUEST FOR A CONTINUANCE MUST BE FILED WITH THE COURT WITHIN FORTY-FIVE (45) DAYS OF THE TRIAL DATE.

**Pursuant to Local Rule 8.04 the Court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial.**

In this case, unless otherwise ordered by the court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:

1. <u>Stipulations</u>:  Meet and jointly prepare and file with the Clerk a **JOINT** stipulation of:

(a)  all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation; and

(b)  a separate, brief summary of the case which may be used for Voir Dire.

**Failure to comply with this portion of this Order may result in the imposition of sanctions, including but not limited to monetary sanctions against counsel. <u>See</u> Local Rule 12.02.**

2. <u>Witnesses</u>:

(a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who **will** be called to testify and those who **may** be called.

(b)  Except for good cause shown, no party will be permitted to call any witness not listed in compliance with this Order.

3. Exhibits:

(a)  Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b)  Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)  Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing at least five (5) days prior to trial may be considered waived.

4. Depositions, Interrogatory Answers, and Requests for Admissions:

(a)  Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b)  Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

5. Instructions:  Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions. **(The instructions shall consist of two sets of full and complete trial instructions; one set shall include at least one (1) pertinent citation for each requested instruction; the other set shall not include any citation or indicate which party has submitted it).  At trial, counsel should have jury instructions available on a CD or flash drive in a word-processing format to assist the Court in making necessary changes.  For detailed information concerning this Court's procedures, counsel are encouraged to refer to the Court's Internet website at**

**www.moed.uscourts.gov (click on the undersigned's name in the listing of District Judges to access "Judge's Requirements").**

   6. Motions In Limine:  File all motions in limine to exclude evidence at least ten (10) days before trial.

   7. Pretrial Compliance Materials:  The parties shall deliver to chambers a paper working copy (courtesy copy) of all pretrial compliance materials.

   **Failure to comply with any part of this Order may result in the imposition of sanctions, including but not limited to dismissal of the action, entry of a default judgment, or restrictions on the admissibility of certain evidence.  See Local Rule 5.04.**

           */s/ Charles A. Shaw*
           _____
           **CHARLES A. SHAW**
           **UNITED STATES DISTRICT JUDGE**

Dated this 14th day of January, 2010.